# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00316-FDW-DSC

| | |
|---|---|
| WADDELL BYNUM, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| SECOND WARD HIGH SCHOOL ) | |
| MECKLENBURG COUNTY ) | |
| SCHOOL BOARD, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] and on Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2].

## I. BACKGROUND

Plaintiff Waddell Bynum, Jr., ("Plaintiff") filed this action on July 9, 2019. [Doc. 1]. He names the Second Ward High School Mecklenburg County School Board and the "Staff of Second Ward" as Defendants. Plaintiff alleges that, in 1964, Plaintiff was a student at Second Ward High School and that Principal A. Clarence Woods inappropriately touched the Plaintiff, made him view sexual relations between others, made inappropriate sexually suggestive comments, and threatened the Plaintiff that he would be expelled if he did not follow certain orders by Mr. Woods. [Doc. 1 at 1]. The Plaintiff does not state any particular cause of action based on these facts, nor does he state what damages he seeks. [See id.].

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's amended motion to proceed in forma pauperis.

Plaintiff's affidavit shows that he receives a monthly income of $849.00 from disability. [Doc. 2 at 1-2]. Plaintiff reports having a total of $2,000.00 in his bank accounts. [Id. at 2]. Plaintiff reports that he has no assets and total monthly expenses of $850.00. [Id. at 4-5]. The Court is satisfied that Plaintiff does not currently have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis for the limited purpose of this Court's initial review of Plaintiff's Complaint.

### III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. DISCUSSION

Accepting the Plaintiff's allegations as true and making all reasonable inferences in Plaintiff's favor, the Court finds that the Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff alleges the relevant conduct occurred in 1964. To the extent the facts Plaintiff alleges state a claim against anyone or any entity, the statute of limitations has long since expired. Furthermore, the Plaintiff has stated no facts that would support a claim, in any event, against the

generic set of Defendants Plaintiff names as the "Staff of Second Ward."

As such, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted. The Court will, therefore, dismiss Plaintiff's Complaint without prejudice.

## V. CONCLUSION

In sum, the Court dismisses this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is **DISMISSED** without prejudice.
2. Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED**.

Signed: July 23, 2019

_____
Frank D. Whitney
Chief United States District Judge